# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Deandre Morrow, | Case No. 2:20-cv-00307-APG-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Fess Security, et al., | |
| Defendant. | |

Pro se plaintiff Deandre Morrow brings this case against Fess Security and its CEO Paul Marsh, making various allegations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17. ECF No. 1-1. Morrow filed this action and attached a financial affidavit to his Application to Proceed *in forma pauperis* as required by 28 U.S.C. § 1915. ECF No. 1. The Court finds that plaintiff is unable to pre-pay the filing fee and his application to proceed *in forma pauperis* is granted.

**I.     Background**

Morrow worked for Fess Security for four years. ECF No. 1-1 at 2. In his complaint, Morrow states the following: "I had previously blown the whistle on an issue I had with an employee on the event I was sent to do security for. I was racially profiled and told that my kind they do not hire." *Id.* The Court, taking these two sentences in context, infers that Morrow is describing a single incident here, wherein a fellow unnamed employee made a discriminatory comment about him.

After Morrow complained to the company's general manager about this, his supervisor, Jay, stopped calling him for work assignments for a period of time, telling him there was no work

for Morrow. *Id*. Morrow was eventually given work again after Jay told him that Morrow was to air any issues only with him. *Id.* at 3.

Morrow also alleges that a female supervisor, Dion, consistently treated him aggressively during his four years at Fess, "yelling and cursing" at him on one occasion, and that this treatment was due to Morrow's gender. *Id.* When he complained about her to Jay, he was moved to a different area for work and Dion began creating "a more hostile work environment." *Id.* at 3–4. Further, Morrow was denied lunch and bathroom breaks during a 12-hour shift that he had to work on his feet. *Id.* at 4.

Later, when Morrow once again complained about Dion to Jay, Jay told him that nothing would be done about Dion's behavior, and he could quit if he did not want to accept this. *Id.* Morrow subsequently quit his job. *Id.* Morrow alleges has received a right-to-sue letter from the EEOC. *Id.* at 2.

**II.     Analysis**

   **A.  Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen a complaint pursuant to 28 U.S.C. § 1915(e). Federal courts may dismiss a case if the action is "frivolous or malicious," fails to state a claim on which relief can be granted, or seeks monetary relief from a party who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A complaint should be dismissed for failure to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). In making this determination, the Court takes as true all allegations of material fact stated in the complaint. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely create a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At minimum, a plaintiff should state "enough facts to state a

claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that legal standard. *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Finally, the Court liberally construes a complaint by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007).

### B. Screening the complaint

The Court believes that Morrow is attempting to bring claims for discrimination, retaliation, and hostile work environment under Title VII.

#### 1. Discrimination

In order to allege a prima facie case of discrimination in violation of Title VII, the plaintiff must allege: (1) he belonged to a protected class; (2) he was qualified for the position; (3) he was subjected to an adverse employment action; and (4) similarly situated employees not in his protected class received more favorable treatment. *See Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002)).

An adverse employment action is one that "materially affects the compensation, terms, conditions, or privileges of employment." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093 (9th Cir. 2008). The Supreme Court has held that "offhand comments, and isolated incidents (unless extremely serious)" do not constitute discrimination under Title VII. *Clark County School District v. Breeden*, 532 U.S. 268, 270–271 (2001).

Morrow has not established that he belongs to a protected class, as nowhere in his complaint does he state the racial group to which he belongs, thereby failing to allege the first element. Turning to the second element, while Morrow notes that he worked for Fess Security for four years, he has not alleged that he was qualified for the job or provided facts explicitly in support of this proposition. He has therefore failed to allege the second element. As for the third element, Morrow alleges only an isolated comment by a fellow unnamed employee with few details regarding the circumstances of the interaction; these sparse allegations do not meet the

*Breeden* standard. Therefore, he fails to successfully allege the third element of his discrimination claim. With regards to the final element, while Morrow alleges that he faced a potentially discriminatory comment from his co-worker, he fails to allege whether other employees outside his protected class and in similar positions received the same kind of treatment or comment. Therefore, Morrow has not alleged that similarly situated employees not in his protected class received better treatment.

Accordingly, Morrow fails to sufficiently allege this first claim for discrimination, and the Court dismisses it without prejudice. It will grant Morrow leave to amend his complaint, so that he may try a second time to allege facts that meet all four elements.

Morrow's second claim involves gender discrimination. Morrow alleges that a female supervisor, Dion, consistently spoke to him in an aggressive and derogatory manner, and that she tended to treat male employees in this way.

With regards to the first element, Morrow has established that he was a member of a protected class, since "Title VII's prohibition of discrimination 'because of ... sex' protects men as well as women." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 78 (1998). As noted above, he has failed to allege that he was qualified for his position, thereby failing to satisfy the second element. Turning to the third element, Morrow alleges that Dion treated him in an aggressive and derogatory manner for four years, but only alleges one instance of "yelling and cursing." ECF No. 1-1 at 3. An isolated incident such as this does not constitute discrimination as per *Breeden* unless it is "extremely serious." *Breeden*, 532 U.S. at 271. Morrow does not allege what made Dion's manner come off as aggressive beyond this one isolated instance, and an isolated incident is not an adverse action under *Breeden* unless it is "extremely serious."  Without more factual enhancement, the Court cannot assess the "yelling and cursing" was sufficiently serious or extreme to change the terms and conditions of Morrow's employment. Morrow therefore fails to allege an adverse employment action. Further, with regards to the fourth element, Morrow has not established that similarly situated employees who were not men received better treatment from Dion than he did.

Accordingly, Morrow fails to sufficiently allege this second claim for discrimination, and the Court dismisses it without prejudice. As with his first claim, the Court will grant Morrow leave to amend his complaint.

### 2. Retaliation

In order to allege a prima facie case of retaliation in violation of Title VII, an employee has to allege: (1) "that she engaged in protected activity"; (2) "that she suffered a materially adverse action that would deter a reasonable employee from making a charge of employment discrimination"; and (3) "that there is a causal connection between the protected activity and the adverse action." *See Porter v. California Dept. of Corrections*, 419 F.3d 885, 894 (9th Cir. 2005).

Morrow appears to make two separate retaliation claims. The first concerns a discriminatory comment by a fellow unnamed employee. To qualify as protected activity, an employee's complaint must have been based on a reasonable belief that he was opposing an employment practice made unlawful by Title VII. *E.E.O.C. v. Crown Zellerbach Corp.*, 720 F.2d 1008, 1013 (9th Cir. 1983). Informal complaints about alleged discrimination constitute protected activity. *Passantino v. Johnson & Johnson Consumer Prod., Inc.*, 212 F.3d 493, 506 (9th Cir. 2000). Determining whether an isolated incident or offhand remark is a Title VII violation involves "[l]ooking at all the circumstances, including the frequency of the discriminatory conduct [and] its severity." *Breeden*, 532 U.S. at 271.

Morrow alleges that a fellow employee told him his "kind they do not hire" and that he complained to the company general manager about this. ECF No. 1-1 at 2. To satisfy the first element of the retaliation claim, Morrow must have had a reasonable belief that his complaint was opposing an unlawful employment practice. In *Breeden*, an isolated incident involving an off-color remark was deemed insufficient to support an employee's reasonable belief of an unlawful employment practice. *Breeden*, 532 U.S. at 271. It is similarly unclear here that an isolated discriminatory comment could form the basis for a reasonable belief of an unlawful employment practice, or reasonably be considered "extremely serious" under *Breeden*, given Morrow does not allege details of the context or manner of the unnamed employee's comment. *Id.* Therefore,

Morrow's allegations do not meet the first elements because he failed to allege that he engaged in a protected activity.

With regards to the second element, Morrow has not established that he was subjected to a materially adverse action that would discourage other employees from making similar complaints. Morrow has not stated how the lack of assignments affected him adversely, as he does not tie them to his pay, advancement in the company, or any other material interest. Morrow has also failed to allege the duration of the period he was not called for work. Accordingly, Morrow's allegations do not meet the second element of his claim.

Turning to the third element, plaintiff must plead a "but-for" causal link between the protected activity and the adverse employment action. *See Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013). Causation may be established when adverse employment decisions are taken within a reasonable period of time after complaints of discrimination have been made. *Yartzoff v. Thomas*, 809 F.2d 1371, 1375–76, (9th Cir. 1987). Morrow alleges "[w]hen I let the GM of the company know what had happened my supervisor Jay stopped calling me for work." ECF No. 1-1 at 2. The plain meaning of "when" is "at or during the time that."[1] Therefore, the Court infers that Morrow stopped receiving assignments in the direct aftermath of making his complaint. ECF No. 1-1 at 2. Moreover, he received work only after his supervisor instructed him to bring complaints only to him. Thus, Morrow satisfies the causation element of this retaliation claim.

However, to proceed with this first retaliation claim, Morrow must allege true facts that meet ***all three*** elements. Because Morrow fails to sufficiently allege the first and second elements, the Court dismisses this first retaliation claim without prejudice. It will grant Morrow leave to amend his complaint so that Morrow may again try to allege facts that meet all three elements.

---

[1] *When*, Merriam-Webster Dictionary, http://www.merriamwebster.com/dictionary/when (last visited August 12, 2020).

Morrow's second retaliation claim involves his complaint about Dion's aggressive behavior. Morrow alleges that Dion was consistently aggressive towards him, and states that, following his complaint about her, she began "creating a more hostile work environment," indicating that Morrow perceived there to be an existing hostile environment. ECF No. 1-1 at 4. Morrow therefore establishes that he had a good-faith belief that he was opposing an unlawful employment practice when he made his complaint about Dion. *Kelly*, 716 F.3d at 14. As a result, Morrow successfully alleges that he engaged in a protected activity for the purposes of his second retaliation claim.

Morrow has also alleged that he suffered materially adverse actions which would deter other employees from making similar complaints: after his complaint, he alleges that Dion intensified her mistreatment of him; Morrow was not given breaks when working a shift; and he was explicitly told that he could quit if he did not like Dion's behavior. Morrow further alleges that "[a]fter saying something about it I was removed from my position and moved to a farther location." ECF No. 1-1 at 4. These allegations are sufficient at this juncture to meet the second element of his claim.

However, Morrow does not allege how soon after his complaint these adverse actions occurred, and he therefore fails to establish a but-for causal connection between the protected activity and the adverse action. *Yartzoff v. Thomas*, 809 F.2d 1371, 1375–76 (9th Cir. 1987). Without this causal connection, Morrow fails to meet the third element of his claim.

Accordingly, Morrow fails to sufficiently allege this second claim for retaliation, and the Court dismisses it without prejudice. It will grant Morrow leave to amend his complaint by alleging facts that satisfy the elements of his claim.

### 3. Hostile work environment

To allege a prima facie case of hostile work environment based on gender under Title VII, a plaintiff must allege that (1) he was subjected to verbal or physical harassment based on gender, (2) the conduct was unwelcome, and (3) the conduct was "sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive working environment." *See Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 817 (9th Cir. 2002).

Morrow alleges that Dion treated him in a derogatory manner for the duration of his employment, and after his complaint about her she "began creating a more hostile work environment." ECF No. 1-1 at 4. However, Morrow has not established that this abusive behavior occurred because of his gender, and therefore he fails to satisfy the first element. To be sure, Morrow alleges that Dion mistreated men because she is a lesbian and wanted to act "manly." *Id* at 3. But this is an attempt to explain Dion's behavior by reference to an alleged trait of her own and does not explain how ***Morrow's*** gender was motivating Dion's behavior. Further, Morrow offers no concrete facts or details about the supervisor's behavior that would paint a picture of gender-based abuse.

Morrow's allegations meet the second element, however, because he has alleged that the supervisor's conduct was unwelcome, as it was aggressive and insulting.

Finally, turning to the third element, while Morrow has alleged actions that are pervasive, it is less clear that he successfully alleges sufficiently severe actions: he describes "yelling and cursing" in one instance, consistent aggression, and states that this behavior had gone on for four years. *Id.* To definitively satisfy the third element, Morrow would have to allege further details about the aggressive behavior.

Therefore, Morrow fails to sufficiently allege this claim for hostile work environment, and the Court dismisses it without prejudice. The Court will grant Morrow leave to amend his complaint by alleging facts that satisfy the elements of this claim.

Morrow is advised that if he files an amended complaint, the original complaint no longer serves any function in this case. The amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The court cannot refer to a prior pleading or other documents to make Morrow's amended complaint complete.

**III.   Conclusion**

IT IS THEREFORE ORDERED that Morrow's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED. Morrow is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

IT IS FURTHER ORDERED that Morrow's first discrimination claim is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that Morrow's second discrimination claim is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that Morrow's first retaliation claim is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that Morrow's second retaliation claim is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that Morrow's hostile work environment claim is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that Morrow has until September 21, 2020, to file an amended complaint. If Morrow does not amend his complaint by that date, the Court will recommend to the district judge that this matter be dismissed.

DATED: August 20, 2020.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE