UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Deandre Morrow,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Fess Security, et al.,<br><br>　　　　　Defendants. | Case No. 2:20-cv-00307-APG-BNW<br><br>**Order re [9]** |

　　　　Before the Court is a motion filed by Defendants F.E.S.S., Inc. (named "Fess Security" in the complaint) and Paul Marsh for leave to file untimely answers to plaintiff's amended complaint.  ECF No. 9.  Defendants also filed a proposed answer as an exhibit. ECF No. 9-3. Plaintiff responded. ECF No. 13. And Defendants filed a reply. ECF No. 16.

　　　　Defendants request an extension of six weeks to file their (belated) answer. The court finds Defendants have met the excusable neglect and good cause standards and, after considering all relevant factors, the court in its discretion will grant this motion.

**I.　　Procedural background**

　　　　On February 13, 2020, Plaintiff filed his Complaint claiming Defendant F.E.S.S. subjected him to a hostile work environment, discrimination based on his race and sex, and retaliation. ECF No. 1-1 at 2–4. On August 20, 2020, this Court entered an order dismissing Plaintiff's Complaint with leave to amend on or before September 21, 2020. ECF No. 3.

　　　　On September 2, 2020, Plaintiff filed his Amended Complaint. ECF No. 4. On October 20, 2020, this Court entered a Screening Order concluding that Plaintiff could proceed with his Amended Complaint. ECF No. 6. On November 24, 2020, the Amended Complaint was served upon F.E.S.S's registered agent. ECF No. 9 at 9. The Defendants did not receive notice of the

summons right away due to complications and changes in the workplace caused by COVID-19.[1] ECF No. 16 at 4.

Defendants' Answer to the Amended Complaint was due December 15, 2020. It appears that defendants reached out through a third party, Fredrick Waid,[2] on December 16 or 17, 2020,[3] in hopes the parties could come to a settlement agreement. There seems to be a disagreement as to when Plaintiff refused the proposed settlement offer. Plaintiff asserts this happened on December 18, 2020, while defendants assert this happened on December 22, 2020. In any event, as the Plaintiff explains, the deadline for the answer had already lapsed by the time the parties discussed a potential settlement. Defendants retained counsel to represent them on December 27, 2020. ECF No. 9 at 2.

**II.    Discussion**

Federal Rule of Civil Procedure 6(b)(1)(B) permits a district court to extend a filing deadline "for good cause" after the time for filing has expired "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). To determine whether a party's failure to meet a deadline constitutes "excusable neglect," courts must apply a four-factor, equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010).

**A.    Danger of prejudice to the opposing party**

While defendants represent the parties were engaged in settlement discussions *prior* to the deadline by which defendants had to file their answer, they do not provide any specifics contesting Plaintiff's representations to the contrary. It appears that the settlement discussion took

---

[1] Defendants do not provide a specific date on which they received actual notice of the lawsuit. Given the timeline in place, it would appear they received actual notice shortly before the parties engaged in settlement discussions.

[2] While Fredrick Waid was an attorney at the time the parties entered into settlement discussions, defendants represent that this fact was conveyed to Plaintiff. ECF No. 16 at 4. In any event, the court does not put much weight on this factor for purposes of resolving the instant motion.

[3] The Court relies on the timeline provided by Plaintiff as defendants do not contest the veracity of that information.

place *after* the deadline lapsed. Having said that, Plaintiff does not deny that he did engage in conversations with defendants for the purpose of settlement, even if this was after the deadline in question. At bottom, Plaintiff has not substantiated what prejudice he would suffer if the court were to allow defendants' untimely answer.  In fact, the case has not been pending too long—the screening order allowing Plaintiff to move forward with his claims was entered in October 2020, and Plaintiff was entering settlement discussions with defendants by December 2020. The instant motion was filed approximately six weeks later. The short extension sought does not appear to prejudice Plaintiff in any way.

In fact, as mentioned before, Plaintiff did not seek the entry of a default. But even assuming he had done so, defendants would have to meet a test similar to the one employed here in order to set the default aside. Given the factors involved in considering setting aside a default and the favored approach of having cases tried on the merits, defendants would likely have prevailed on such request.

Rule 55 of the Federal Rules of Civil Procedure provides a mechanism for obtaining a default judgment against a party who has failed to plead or otherwise respond to claims brought against it. Defaults can be set aside for good cause. Fed. R. Civ. P. 55(c).  "Good cause" is determined through three factors: (a) whether the defaulting party engaged in culpable conduct that led to the default, (b) whether there is a meritorious defense, and (c) whether reopening the case would cause prejudice to the Plaintiff. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).  This test is disjunctive, and proof of any of these three factors may justify setting aside the default. *See Brandt v. American Bankers Insurance Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011). Irrespective of the culpable conduct of defendants, there appears to be meritorious defenses (based on the proposed answer) and, as discussed, no prejudice to Plaintiff.

**B. Length of delay and its potential impact on the proceedings**

The delay in question is approximately six weeks. Defendants have filed an answer as an exhibit contemporaneously with the filing of the instant motion. No default has been entered. Indeed, there are no representations that the grating of this motion would have much of an impact

3

on the proceedings in this case given the relatively short period of time since the screening order was entered.

**C. Reason for the delay**

The reason provided for the delay is that defendants thought there would be no need to file an answer, but that explanation is not a satisfactory one. While defendants may have thought there would be no need to file an answer at the time of settlement discussions, no explanation has been provided explaining why they waited another four weeks after retaining counsel to file the instant motion.

**D. Whether the movant acted in good faith**

There is no credible suggestion here that there was bad faith by defendants. In the court's estimation, defendants' behavior amounts to neglect which is ultimately excusable given the other factors the court must consider.

**III. Conclusion**

For the reasons discussed above, the court in its discretion finds there is excusable neglect and good cause to grant this motion.

IT IS THEREFORE ORDRED that ECF No.9 is GRANTED.

IT IS FURTHER ORDERD that the Clerk of Court shall detach ECF No. 9-3 and docket it as an answer to the operative complaint.

IT IS FURTHER ORDERED that the parties meet and confer and submit a proposed Discovery Plan and Scheduling Order by March 11, 2021.

DATED: February 25, 2021.

                                                                         _____
                                                                         BRENDA WEKSLER
                                                                         UNITED STATES MAGISTRATE JUDGE

4